IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| DARRON MANNING | § | |
|---|---|---|
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-08-CV-1801-L |
| NATHANIEL QUARTERMAN, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Darron Manning, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed on limitations grounds.

I.

On March 28, 2006, petitioner pled guilty to aggravated assault with a deadly weapon and was sentenced to 15 years confinement. No appeal was taken. Instead, petitioner filed two applications for state post-conviction relief. The first application was dismissed for failure to comply with the appellate rules. *Ex parte Manning*, WR-19,508-02 (Tex. Crim. App. May 9, 2007). The second application was denied without written order. *Ex parte Manning*, WR-19,508-06 (Tex. Crim. App. Sept. 10, 2008). Petitioner then filed this action in federal district court.

II.

In five grounds for relief, petitioner contends that: (1) he was not given a probable cause hearing within 24 hours of his arrest; (2) the offense of conviction is not supported by the indictment;

(3) his guilty plea was involuntary; (4) his conviction was the result of a "vindictive prosecution;" and (5) he received ineffective assistance of counsel.

Respondent has filed a preliminary response suggesting that this case is barred by the AEDPA statute of limitations. Petitioner addressed the limitations issue in a pleading filed on December 29, 2008. The court now determines that the habeas petition is time-barred and should be dismissed.

A.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *Id.* § 2244(d)(2). The AEDPA statute of limitations is also subject to equitable tolling in "rare and

exceptional" circumstances. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

B.

Petitioner was sentenced to 15 years in prison for aggravated assault with a deadly weapon. Judgment was entered on March 28, 2006, and no appeal was taken. Therefore, petitioner's conviction became final 30 days thereafter on April 27, 2006. *See* TEX. R. APP. P. 26.2(a)(1). Petitioner filed two applications for state post-conviction relief. The first application was filed on March 19, 2007, and dismissed on May 9, 2007. The second application was filed on May 29, 2007, and denied on September 10, 2008. Petitioner filed this action in federal court on October 8, 2008.[1]

The AEDPA statute of limitations started to run on April 27, 2006, when petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A). Yet petitioner waited 397 days before properly filing an application for state post-conviction relief.[2] In an attempt to excuse this delay, petitioner contends that the dismissal of his first state writ, which was filed before the expiration of the AEDPA statute of limitations, was the result of an "obsolete" form provided by the prison law library and, thus, constitutes a state-created impediment. (*See* Pet. Reply at 2). It is true that petitioner's state writ was dismissed by the Texas Court of Criminal Appeals for failure to comply with Tex. R. App. P. 73.1. That rule provides, in pertinent part:

---

[1] Although petitioner states in his form habeas petition that the pleading was placed in the prison mail system on September 30, 2008, his memorandum brief, which was mailed to the clerk in the same envelope as the form habeas petition, is dated October 8, 2008. Even if the court considers the habeas petition and brief filed as of September 30, 2008, the case is still barred by limitations.

[2] Petitioner is not entitled to statutory tolling with respect to his first state writ because a pleading that does not comply with the rules is neither "properly filed" nor "pending" within the meaning of 28 U.S.C. § 2244(d)(2). *See Green v. Dretke*, No. 3-02-CV-0395-D, 2004 WL 572358 at *14 (N.D. Tex. Mar. 22, 2004), *appeal dism'd*, No. 04-10673 (5th Cir. Jul. 22, 2004) ("When the State refuses to file an application that is in improper form, the rejected application clearly does not toll the limitations period.").

> (a) *Prescribed Form.* An application for post conviction habeas corpus relief in a felony case without a death penalty, under Code of Criminal Procedure article 11.07, must be made in the form prescribed by the Court of Criminal Appeals in an order entered for that purpose.
>
> (b) *Availability of Form.* The clerk of the convicting court will make the forms available to applicants on request, without charge.
>
> (c) *Contents.* The person making the application must provide all information required by the form. The application must specify all grounds for relief, and must set forth in summary fashion the facts supporting each ground. The application must not cite cases or other law. Legal citations and arguments may be made in a separate memorandum. The application must be typewritten or handwritten legibly.

TEX. R. APP. P. 73.1. However, there was nothing "obsolete" about the form provided to petitioner by the prison law library. His writ was dismissed because the form habeas petition did not "specify all grounds for relief" or "set forth in summary fashion the facts supporting each ground." Instead, petitioner presented his grounds for relief in a separate brief, which was not in the form prescribed by the Texas Court of Criminal Appeals. Petitioner could have avoided dismissal had he merely completed the form provided by the prison law library. Having failed to do so, petitioner is not entitled to statutory or equitable tolling of the AEDPA limitations period. *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied*, 120 S.Ct. 1564 (2000), *quoting Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996) (equitable tolling is warranted only "where the plaintiff is actively misled by the defendant . . . or is prevented in some extraordinary way from asserting his rights.").

Petitioner also seeks equitable tolling during the time his second state writ was pending. However, that writ was filed 32 days *after* the limitations period had expired. There is no basis for equitable tolling under these circumstances. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000),

*cert. denied*, 121 S.Ct. 1498 (2001) (state writ filed after expiration of AEDPA statute of limitations does not toll limitations period).

## **RECOMMENDATION**

Petitioner's application for writ of habeas corpus is barred by limitations and should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 13, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE