IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DARRON MANNING**, | § | |
| | § | |
| Petitioner, | § | |
| v. | § | Civil Action No. **3:08-CV-1801-L** |
| | § | |
| **NATHANIEL QUARTERMAN, Director**, | § | |
| **Texas Department of Criminal Justice**, | § | |
| **Correctional Institutions Division**, | § | |
| | § | |
| Respondent. | § | |

**ORDER**

Before the court are the Findings, Conclusions and Recommendations of the United States Magistrate Judge, filed January 13, 2009. Petitioner timely filed objections to the findings and recommendation on January 23, 2009.

This is a habeas petition filed pursuant to 28 U.S.C. § 2254. Magistrate Judge Jeff Kaplan found that the petition was barred by the one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act of 1996 and that Petitioner was not entitled to equitable tolling because he failed to demonstrate the required extraordinary circumstances and due diligence.

Petitioner objects and argues that there was an external impediment to the timely filing of his application for postconviction relief, that his first application for postconviction relief was dismissed because he used the incorrect form, and that he is entitled to equitable tolling because the government prevented him from presenting his claims in a timely manner. The magistrate judge found that there was nothing obsolete about the form available to Petitioner in the law library and that his application was rejected because of his failure to specify all grounds of relief or set forth the facts supporting his claims. The magistrate judge also found that there was no basis for the equitable

tolling of the statute of limitations. The court **overrules** Petitioner's objections and determines that he failed to fill out the form provided by the law library and that there is no basis for equitable tolling.

Having reviewed the pleadings, file, and record in this case, and the findings and conclusions of the magistrate judge, the court determines that the findings and conclusions are correct. The magistrate judge's findings and conclusions are therefore **accepted** as those of the court. The court therefore **dismisses with prejudice** the writ of habeas corpus as barred by the one-year limitations period.

**It is so ordered** this 27th day of January, 2009.

*/s/ Sam A. Lindsay*
Sam A. Lindsay
United States District Judge